```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ALBIR SHEHATA YACOUB SALAMA,

    Plaintiff,

v.                                      Case No. 8:20-cv-2404-T-33AAS

PAMELA HAMMONDS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Albir Shehata Yacoub Salama initiated this motor-vehicle accident action in state court on August 11, 2020. (Doc. # 1-1). Thereafter, on October 14, 2020, Defendant

Pamela Hammonds removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not specify the amount of damages sought. (Doc. # 1-1 at 5) ("This is an action for damages which exceeds Thirty Thousand ($30,000.00) Dollars, exclusive of costs and interest."). Instead, in her notice of removal, Hammonds relies upon her automobile insurance policy, which has a limit of $500,000 per person and $1,000,000 per accident, and Salama's pre-suit demand letter, in which he "demand[ed] the policy limits of $500,000," to

establish the amount in controversy. (Doc. # 1 at ¶¶ 5, 16). Additionally, the pre-suit demand letter states that Salama's past medical expenses total $38,798.61. (Doc. 1-4 at 5).

Upon review of Hammonds's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Salama's damages claim without engaging in heavy speculation." (Doc. # 4). Specifically, the Court concluded that the pre-suit demand letter only provided sufficient factual support for $38,798.61 in past medical expenses, which falls well below the jurisdictional threshold. (Id.). The Court then gave Hammonds an opportunity to provide additional information to establish the amount in controversy. (Id.).

Hammonds has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 7). But Hammonds still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In her response, Hammonds reiterates her position that the pre-suit demand letter asking for the limit of her motor-vehicle insurance policy – $500,000 – establishes that the amount in controversy exceeds $75,000. (Doc. # 7 at 1). Hammonds further adds that Salama "underwent

3

spine surgery with estimated past medical bills incurred – just for surgery – over $100,000." (Id.).

However, the only concrete damages here remain the $38,798.61 in past medical expenses. (Doc. # 1-4 at 5). First, although Hammonds now states for the first time that Salama has estimated past medical expenses exceeding $100,000 for a single surgery, Hammonds provides no proof thereof. (Doc. # 7). Indeed, Hammonds does not offer any details about this surgery, such as the actual cost, who performed it, or its purpose, and this costly surgery is markedly absent from Salama's filings. (Doc. ## 1-1; 7). Therefore, the Court cannot consider this factually nebulous expense in calculating the amount in controversy. See Jarrell v. Giles, No. 5:06-CV-135 (DF), 2006 WL 3335116, at *3 (M.D. Ga. Nov. 16, 2006) (remanding case with $400,000 pre-suit demand and various unsupported surgical costs).

Second, although Hammonds attempts to use the demand letter as evidence of the amount in controversy, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in

4

controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same).

And, Hammonds's policy limits are no more illuminating. "In determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008)(quotation omitted); see also Amerisure Ins. Co. v. Island Crowne Developers, L.C., No. 6:10-cv-221-Orl-28DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]").

Therefore, Hammonds has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete past medical expenses in this case fall below $39,000 and no information has been provided about other categories of damages. Thus, Hammonds has not carried her burden of establishing this Court's diversity jurisdiction. The Court,

5

finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject-matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE